**HOUSTON CONSOLIDATED TELEVISION COMPANY, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**
Gulf Television Corporation,
Intervenor.

No. 13192.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1956.

Decided Dec. 20, 1956.

Mr. W. Ervin James, Houston, Tex., for appellant.

Mr. Benedict P. Cottone, Washington, D. C., also entered an appearance for appellant.

Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, J. Smith Henley, Associate Gen. Counsel, Federal Communications Commission, Daniel R. Ohlbaum and John J. O'Malley, Jr., Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Arthur W. Scharfeld, Washington, D. C., for intervenor.

Before EDGERTON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal by the Houston Consolidated Television Company from the denial, after a hearing, of its protest to the grant of a modification of the construction permit of intervenor, Gulf Television Company, a permittee operating station KGUL–TV on Channel 11, Galveston, Texas, and also from other related acts of the Commission. The modification allows intervenor to bring its transmitter to a location closer to Houston than had previously been authorized. Appellant, a permittee operating station KTRK-TV on Channel 13, Houston, has contended throughout these proceedings that the change in location of intervenor's transmitter, in addition to certain other acts and practices, makes intervenor's station, though operating on Channel 11 allocated to Galveston, in reality a Houston station, and consequently one which is operating in violation of the Commission's own regulations.

This basic issue, first raised by objections filed by appellant to intervenor's application, and renewed in its protest to the grant, became the subject of an extensive evidentiary hearing before the Commission's Examiner. This hearing was followed by proposed findings of fact and conclusions of law and an Initial Decision of the Examiner denying the protest and granting the application. Thereafter in due course the Commission, after further proceedings which need not be enumerated, affirmed its previous

grant of intervenor's application and made it effective immediately.

On the record before the Commission at the time of its decision we find no lack of evidence to support its findings and no other basis for disturbing the conclusion of the Commission that intervenor, notwithstanding the protested grant of its construction permit, was a qualified licensee, that is, that it was a Galveston station duly licensed to operate on a channel allocated to Galveston. Much may be said to support the dissent of Chairman McConnaughey and of Commissioner Lee; but even were we to agree with them it would not change our view that the contrary conclusion reached by the Commission was within its authority.

Appellant raises a number of procedural questions which have been fully briefed by the parties and considered by the Court. We find no error requiring reversal.

Affirmed.